IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-00946-PAB-SKC

LUIS LEAL,

    Plaintiff,

v.

SERGANT A. DIAZ, Correctional Officer for the CDOC, in his individual and official capacity,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Plaintiff Leal's Objection to Court's Order (Docket # 69) [Docket No. 75], filed on January 17, 2019.

    Plaintiff filed this *pro se* lawsuit on April 18, 2017. Docket No. 1. The operative complaint asserts claims for disability discrimination and retaliation against various correctional officers at Arkansas Valley Correctional Facility. *See* Docket No. 12. On December 10, 2018, the magistrate judge denied plaintiff's motion to compel discovery, finding that plaintiff had failed to comply with the magistrate judge's procedures for resolving discovery disputes. Docket No. 69 at 1-2. The magistrate judge also granted the parties' requests to amend various deadlines in the case. *See id.* at 3. In doing so, the magistrate judge noted it was clear that Dean Carbajal, a non-lawyer and non-party to the case, was continuing to draft "most, if not all, of Plaintiff's filings" despite the magistrate judge's previous warnings that plaintiff could not be represented by a non-

attorney. *Id.* at 2-3. The magistrate judge cautioned that "future filings drafted and submitted by Mr. Carbajal are subject to being stricken without further notice." *Id.* at 3. On January 17, 2019, plaintiff filed an objection to the magistrate judge's order arguing that Mr. Carbajal has a First Amendment right to represent plaintiff in this lawsuit and that plaintiff has an attendant right to be so represented. *See* Docket No. 75.

Because plaintiff's objection pertains to a non-dispositive discovery matter, the Court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court construes plaintiff's objection liberally because he is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's objection is meritless for three reasons. First, it is untimely. Under Fed. R. Civ. P. 72(a), a party has fourteen days after being served with a copy of a magistrate judge's non-dispositive order to serve and file objections. Because the magistrate judge entered his order on December 10, 2018, plaintiff's objection was due long before its actual filing date of January 17, 2019. Even if the Court were to construe plaintiff's motion for an extension of time, Docket No. 71, as applying to the magistrate judge's order denying plaintiff's motion to compel, plaintiff's objection would still be untimely. *See* Docket No. 72 (granting motion for an extension of time and

allowing plaintiff until January 14, 2019 to file an objection).[1]

Plaintiff's objection also fails because it bears no relationship to the magistrate judge's ruling, which was to deny plaintiff's motion to compel discovery and grant the parties' requests to amend the scheduling order. The portion of the order addressing plaintiff's representation by Mr. Carbajal merely reiterates a warning given by the magistrate judge on prior occasions. *See, e.g.*, Docket No. 39 (advising plaintiff that he may not be represented by a non-attorney, including Mr. Carbajal).

Finally, it is well established that a *pro se* litigant may not represent another party in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) (unpublished) ("Non-attorney pro se litigants cannot represent other pro se parties."); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel"); *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001) ("Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity."). While the authorities plaintiff cites suggest that a prisoner may be entitled to First Amendment protection for activities conducted on behalf of other prisoners, *see, e.g.*, *Herron v. Harrison*, 203 F.3d 410, 415-16 (6th Cir. 2000) (recognizing that inmate's efforts to assist other prisoners with

---

[1]The fact that Mr. Carbajal, a non-party to this case, placed the objection in the legal mail system on January 14, 2019, Docket No. 75 at 4, does not entitle plaintiff – a non-prisoner – to the benefit of the prison mailbox rule.

their legal claims constitutes protected conduct for purposes of a retaliation claim "when the inmate receiving the assistance would otherwise be unable to pursue legal redress"); *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990) (recognizing "some controversy in the circuits on whether a prisoner has standing to assert" his fellow inmates' right of access to the courts as the basis for a retaliation claim); *Adams v. James*, 784 F.2d 1077, 1081 (11th Cir. 1986) (stating that a "first amendment claim by an inmate does not fail simply because the allegedly protected activities were conducted on behalf of others"), none of these cases supports Mr. Carbajal's ability to represent plaintiff, a non-prisoner, in this lawsuit. Plaintiff's reliance on the "next friend" doctrine in Fed. R. Civ. P. 17 is likewise inapposite because "pro se litigants . . . may not bring 'next friend' suits." *Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) (unpublished) (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). For the foregoing reasons, it is

**ORDERED** that Plaintiff Mr. Leal's Objection to Court's Order (Doc # 69) [Docket No. 75] is **OVERRULED**.

DATED May 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge