IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-00946-PAB-SKC

LUIS LEAL,

    Plaintiff,

v.

SERGEANT A. DIAZ, Correctional Officer for the Colorado Department of Corrections, in his individual and official capacity,
UNKNOWN SHIFT COMMANDER, Correctional Officer for the Colorado Department of Corrections, in his individual and official capacity, and
UNKNOWN SUPERVISOR, Correctional Officer for the Colorado Department of Corrections, in his individual and official capacity,

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Report & Recommendation of the United States Magistrate Judge filed on August 19, 2019 [Docket No. 99] and the Supplemental Recommendation of the United States Magistrate Judge filed on December 5, 2019 [Docket No. 114]. Magistrate Judge Crews recommends that this action be dismissed for failure to prosecute. Docket No. 99 at 1; Docket No. 114 at 7. Plaintiff filed his objection to the Report and Recommendation on September 16, 2019. Docket No. 102. Plaintiff filed his objection to the Supplemental Recommendation on January 13, 2020. Docket No. 118.

## I. BACKGROUND

Plaintiff brought this lawsuit against defendants alleging that they violated various statutory and constitutional rights after defendants denied plaintiff entrance to a

correctional facility in order to visit an inmate, Dean Carbajal. Docket No. 1 at 2. Defendants filed a motion for summary judgment. Docket No. 79. Mr. Carbajal filed a response on behalf of plaintiff, which was stricken by Magistrate Judge Crews because Mr. Carbajal is not an attorney. Docket No. 93. Plaintiff's amended complaint was also stricken because, although the signature block contained Mr. Leal's name and signature, the return address contained Mr. Carbajal's name and address at the Limon Correctional Facility. Docket No. 14 at 2. Plaintiff appeared, as requested, at the scheduling conference, but was unable to participate, as he did not have an interpreter and "it was ascertained that Mr. Leal did not speak English whatsoever." Docket No. 39 at 1.

In the August 19, 2019 report and recommendation, the magistrate judge recommended dismissing the case for failure to prosecute. Docket No. 99 at 1. In response, the Court issued a minute order directing the magistrate judge to "hold a hearing and make recommended factual findings concerning plaintiff's and Mr. Carbajal's respective roles in this lawsuit." Docket No. 103. The Court did so because, although the evidence "supports an inference that plaintiff" has been allowing Mr. Carbajal to act as his attorney, a conclusion as such hinges on an "evaluation of plaintiff's credibility." *Id.*

Magistrate Judge Crews made two attempts to hold the hearing that the Court ordered. The first hearing was set for October 30, 2019. Docket No. 104. Magistrate Judge Crews advised the plaintiff before the hearing that he should provide his own interpreter. *Id.* Plaintiff, however, arrived at the hearing without an interpreter. Docket No. 114 at 2. Thirty-four minutes before the hearing, plaintiff filed a motion to continue.

2

Docket No. 114 at 2. Magistrate Judge Crews was unaware of the continuance motion at the time of the hearing since the motion had not yet been docketed and plaintiff did not mention it when he arrived. *Id.* A Spanish-speaking court intern provided "limited translation for purposes of resetting the hearing," and the magistrate judge advised plaintiff that "any family member or friend" could interpret for him at the next hearing; the magistrate judge did not require plaintiff to obtain a court-certified interpreter. *Id.* at 3.

The hearing was reset for November 18, 2019. *Id.* at 3. Plaintiff again arrived without an interpreter and, for a second time, filed a continuance motion shortly before arriving at the hearing. *Id.* at 3-4. Plaintiff stated "in broken English" that "none of his Spanish-speaking friends or family were available to attend the hearing with him." *Id.* at 5. Plaintiff requested that the hearing be continued once again. *Id.* Magistrate Judge Crews took the issue under advisement. Docket No. 111. Rather than continue the hearing to a third date, Magistrate Judge Crews issued a supplemental recommendation. Docket No. 114.

## II. STANDARD OF REVIEW

"The Court will 'determine de novo any part of the magistrate judge's disposition that has been properly objected to' by plaintiff." *Turner v. Falk*, No. 13-cv-02957-PAB-MJW, 2014 WL 7451698, at *1 (D. Colo. Dec. 31, 2014) (citing Fed. R. Civ. P. 72(b)(3)). "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Because

plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

### III. ANALYSIS

Plaintiff does not object to the legal reasoning underpinning either of the magistrate judge's recommendations that the case be dismissed for failure to prosecute and comply with court orders. As to the first recommendation, plaintiff's objections relate to the magistrate judge's alternative grounds for dismissal. *See* Docket No. 102.[1] Plaintiff does not lodge a specific objection to dismissing the case for failure to prosecute and comply with court orders. *Id.* In his objections to the second recommendation, plaintiff argues that dismissing his case would violate his "due process rights under the fourteenth amendment." Docket No. 118 at 2. Additionally, plaintiff argues that Magistrate Judge Crews' recommendation is the result of bias and "deep sealed antagonism" toward Mr. Carbajal and plaintiff. *Id.* These do not amount to specific objections that would preserve de novo review.

Nevertheless, under a de novo review of both magistrate recommendations, the Court agrees that the case should be dismissed with prejudice. Although an "extreme sanction," a district court may dismiss a case with prejudice for failure to comply with court orders. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (quoting

---

[1] The Court agrees that the case should be dismissed for failure to prosecute and comply with court orders and therefore does not reach the magistrate judge's alternative grounds for dismissal.

4

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)). Before doing so, the Court must analyze five factors: "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Id.* (citing *Ehrenhaus*, 965 F.2d at 921).

As to the first factor, the magistrate judge reasoned that, because the magistrate judge believed that Mr. Carbajal was litigating the case for Mr. Leal, defendants were prejudiced because they were unable to determine who the real party in interest is. Docket No. 99 at 9. The Court, however, does not rely on Mr. Carbajal's likely involvement as the grounds for this factor weighing in favor of dismissal.[2] Rather, the significant length of time – it has been nearly three years since plaintiff filed this lawsuit – it has taken to move the case forward, along with the plaintiff's repeated non-compliance, has prejudiced defendants. *See Jones*, 996 F.2d at 264 (reasoning that "delay and mounting attorney's fees" prejudiced the defendants).

The second factor looks to the interference with the judicial process. As Magistrate Judge Crews reasoned, plaintiff's "failure to follow the Court's numerous warnings and his violation of court orders . . . interferes with the judicial process." Docket No. 99 at 10. Since the original recommendation, plaintiff has failed to comply

---

[2] Given that the credibility hearing was unable to be conducted, the Court is unable to reach a definitive conclusion that Mr. Carbajal and not Mr. Leal is the one litigating this case. As a result, the Court does not rely on that conclusion for any of the factors. Nevertheless, the Court does find that there is a strong possibility, for all the reasons discussed by Magistrate Judge Crews, *see* Docket Nos. 99, 114, that Mr. Leal is not preparing his own documents.

5

with two additional court orders, requiring the magistrate judge to schedule and reschedule hearings. Docket No. 110 at 6; Docket No. 114 at 3-4. Plaintiff failed to comply with the court order to bring an interpreter, even though Magistrate Judge Crews informed plaintiff that anyone who spoke English and Spanish could interpret for him. Docket No. 110 at 6; Docket No. 114 at 3-4. He failed to do so despite the fact that he filed two motions in English immediately before the hearings. Docket No. 114 at 3-4. For this factor, "it is enough to say that [plaintiff] repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." *Jones*, 996 F.2d at 265. The Court therefore finds that this factor weighs in favor of dismissal.

The third factor is the culpability of the litigant. Plaintiff's objections to the supplemental recommendation appear to go to this factor. Plaintiff argues that the Court is responsible for plaintiff's failure to obtain an interpreter. The Court is not required to provide an interpreter for civil plaintiffs. *See* 28 U.S.C. § 1827(d)(1), (j); *see also Casanova v. Ulibarri*, 2017 WL 3052977, at *2 ("[T]he Court is not obligated to provide an interpreter to a party in a civil proceeding."). Plaintiff has cited no authority suggesting that he has a right to an interpreter under the circumstances of this case. Importantly, plaintiff has not expressed any problem with finding friends or family to translate his documents. He filed two motions in English immediately before attending his hearings, but states that he was unable to find an interpreter to assist him during those hearings. Docket No. 114 at 3-4. Therefore, plaintiff's claim that he was unable to have a friend or acquaintance attend the hearings is not persuasive. The Court thus finds that the culpability of plaintiff weighs in favor of dismissal.

The fourth factor asks whether plaintiff has been warned that his case might be dismissed. Plaintiff has been warned on several occasions that failure to comply with court orders could result in a dismissal of the case. *See* Docket No. 99 at 10. Therefore, this factor weighs in favor of dismissal.

The fifth factor analyzes whether a lesser sanction would be equally effective. The magistrate judge concluded that a lesser sanction would not be, and the Court agrees. *Id.* at 11. Plaintiff has caused the litigation to come to a complete halt and has continually ignored court orders. This is true even though the Court ordered an additional evidentiary hearing to give plaintiff a chance to demonstrate that he was in fact the one litigating his case. There is no reason to believe that a lesser sanction would result in compliance.

### IV. CONCLUSION

It is therefore

**ORDERED** that the Report and Recommendation Re: Plaintiff's Failure to Prosecute [Docket No. 99] is **ACCEPTED**. It is further

**ORDERED** that the Supplemental Recommendation Re: Plaintiff's Failure to Prosecute [#99] [Docket No. 114] is **ACCEPTED**. It is further

**ORDERED** that defendant's Motion for Summary Judgment [Docket No. 79] is **DENIED** as moot. It is further

**ORDERED** that this case is closed.

DATED March 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge